Shauck, J.
This case presents no material question of law with respect to - which counsel differ, or with respect to which it is, believed any lawyers would differ. The differences between counsel and between the courts below seem to concern only the proper statement of the case. Why the original plaintiff voluntarily dismissed from the case the Terminal Company, upon whose track the train was passing at the time he received his injury, is left to conjecture. The only question here is, whether the Ann Arbor Company is liable for that injury. There is in the record a contract under which the Pere Marquette Company might have run this train over the Ann Arbor Company’s track to another station in Toledo. If it had been so operated, the construction of the contract between the Ann Arbor Company and the Pere Marquette Company might become material. But in this instance the Pere Marquette Company was not exercising the right which that contract conferred upon it. In that contract are stipulations from which the liability of the Ann Arbor Com-’ pany might be inferred with respect to injuries sustained by trainmen of the Pere Marquette Company on the Ann Arbor Company’s track. It contains no stipulation whatever as to a train moving on the Terminal track, nor is there anything in the record, to show that Ann Arbor Company was a *271 party to the arrangement by which the Pere Marquette Company’s train was passing over the track of the Terminal' Company. Not only is there an absence of 'such evidence, but it affirmatively appears from the evidence that the Ann Arbor Company had no relation whatever to that arrangement. When the trial judge directed a verdict in favor of the Ann Arbor Company, he obviously took account of the considerations that the train was not operated under the contract of the Ann Arbor Company for the passage of the train over its road, and that the contract of the Ann Arbor Company imposed upon it no duty whatever with respect to trains passing into* the city over the track of the Terminal Company. The “Y” by which the train passed from the track of the Ann Arbor Company to that of the Terminal Company was constructed but a short time before this accident, and in so passing and operating its trains, they were pursuing some arrangement between the Pere Marquette and the Terminal companies, which does not appear of record. It is sufficient to say that the record not only negatively, but affirmatively shows that the Ann Arbor Company was not a party to that arrangement. We assume that the view of the case which led the circuit .court- to reverse the judgment upon the verdict so directed was, as stated in the brief of counsel for the defendant in error, that the tower-man was the servant of the Ann Arbor Company. In a general sense he was, and it may be that he acted in that relation so as to charge the Ann Arbor- Company for injuries resulting from his negligence to employes on trains of the Pere Mar *272 quette Company passing over the Ann Arbor track under the contract referred to. But to that question we need give no consideration since the injury occurred to one upon a train moving upon another road, under another arrangement with another party.
Judgment of the circuit court reversed and that of the common pleas affirmed.

Judgment reversed.

■ Spear, C. J., Davis, Price, and Johnson, JJ., concur.